**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BETTY HOSKINS,<br><br>      Plaintiff-Appellant,<br><br>v.<br><br>BAYER CORPORATION AND BUSINESS SERVICES LONG TERM DISABILITY PLAN; BAYER CORPORATION DISABILITY PLANS; BAYER CORPORATION,<br><br>      Defendants-Appellees. | No. 08-16706<br><br>D.C. No. 3:06-CV-07589-MMC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Pesiding

Argued and Submitted October 5, 2009
San Francisco, California

Before: SCHROEDER and BERZON, Circuit Judges, and STROM,** District
Judge.

_____

      *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      **      The Honorable Lyle E. Strom, Senior United States District Judge for
the District of Nebraska, sitting by designation.

Betty Hoskins ("Hoskins") appeals the district court's grant of judgment in favor of Bayer Corporation Disability Plans ("the Plan")[1] in her action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., challenging the termination of her long-term disability benefits under the Plan. We affirm.

"We review de novo a district court's choice and application of the standard of review to decisions by fiduciaries in ERISA cases." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006)(en banc). In this case, an abuse of discretion standard of review applies because the Plan grants the Plan administrator, Bayer Corporation ("Bayer"), discretionary authority to determine eligibility for benefits and construe terms of the Plan, and Bayer did not commit any serious procedural irregularities that would trigger de novo review. *See id.* at 963, 971-72. The degree of deference we accord Bayer's decision is impacted by the fact that Bayer operates under a conflict of interest, *see id.* at 965-69, but it is not necessary to thoroughly analyze the importance of this conflict because Bayer's decision to terminate benefits should be affirmed even when reviewed with a high level of skepticism.

---

[1] The case caption erroneously lists multiple defendants-appellees. The only defendant-appellee appearing in this action is Bayer Corporation Disability Plans.

Accordingly, we turn to the merits. Bayer terminated Hoskins'

benefits in part because it found she was not under the regular care of a physician.

Bayer did not abuse its discretion when it terminated benefits on this ground.

Pursuant to a summary description of the benefit plan applicable to

Hoskins' claim, an employee is not entitled to long-term disability benefits unless

she is "totally disabled."[2] The summary description further provides: "An

employee is not totally disabled during any period in which [s]he is not under the

regular care and attendance of a legally qualified physician . . . ."

Broadspire Services, Inc. ("Broadspire"), which was the claim

administrator for the Plan, contacted Hoskins on several occasions in an effort to

obtain information regarding her receipt of medical care. Despite these attempts,

Hoskins did not provide medical documentation that she received any treatment for

her disabling condition from August 2004 until the time benefits were terminated

in July 2005.

Broadspire first notified Hoskins in letters dated July 12, 2004, and

August 23, 2004, that she needed to provide updated information to certify her

---

[2] This memorandum quotes language provided in a summary description of the benefit plans applicable to bargaining unit employees because Hoskins does not dispute that she is a bargaining unit employee. However, the Court notes that the relevant language is substantially the same as language in the Summary Plan Description of the benefit plans applicable to non-bargaining unit employees.

continued eligibility for benefits. Broadspire requested that Hoskins complete and return certain forms, but it did not receive a response to these requests. Broadspire sent Hoskins a third letter dated April 8, 2005, wherein it informed Hoskins that the information it had did not support a finding that she was under the regular care of a physician. The letter further stated that Hoskins needed to submit additional medical documentation that she was under the regular care of a physician, or benefits could be terminated. As of July 8, 2005, Hoskins had not produced the requested documentation, and she was notified by letter that benefits were terminated effective July 31, 2005. In the termination notice letter, Broadspire informed Hoskins that she could appeal the determination and reiterated that she had to provide additional documentation of continuing medical care in order for benefits to be reinstated.

While Hoskins was sufficiently on notice of the need to provide additional evidence that she was under the regular care of a physician, there is no medical documentation in the record that establishes she received any treatment for her disabling condition during the 11-month period preceding the termination of benefits. Based on these facts, Bayer did not abuse its discretion when it found Hoskins was not under the regular care of a physician as required by the Plan, and it was entitled to terminate benefits on this basis.

The district court's grant of judgment in favor of the Plan is affirmed.